ELIZABETH A. BELL (SBN 205868)
Email: ebell@elbelaw.com
8335 Sunset Boulevard, Suite 221
Los Angeles, California 90069
Telephone: (323) 306-4077
Facsimile: (323) 656-1396
Attorney for Defendants
PEARL JACKSON and ANNETTE GOLDEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>PEARL JACKSON a/k/a PEARL MARI JACKSON, INDIVDUALLY and d/b/a THE CIGAR LOUNGE; and ANNETTE GOLDEN, INDIVIDUALLY and d/b/a THE CIGAR LOUNGE,<br><br>Defendants. | Case No. CV11-03653-WDK (PLAx)<br><br>**DEFENDANTS PEARL JACKSON'S AND ANNETTE GOLDEN'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Hon. William D. Keller<br><br>Date: April 14, 2014<br>Time: 8:30 a.m.<br>Crtrm: 1600 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants PEARL JACKSON ("Jackson") and ANNETTE GOLDEN

("Golden," and together with Jackson, collectively, "Defendants," and individually,

"Defendant"), through their undersigned counsel, hereby submit the following

Opposition (the "Opposition") to plaintiff J & J Sports Productions, Inc.'s

1

1  ("Plaintiff") Motion to Strike Defendant's Affirmative Defenses ("Motion to
2  Strike") [Docket No. 35] in the above captioned case (the "Case").

3

4  DATED:  March 24, 2014

5
6                                    By:  / s / *Elizabeth A. Bell*
7                                         ELIZABETH A. BELL (SBN 205868)
                                          Attorney for Defendants, PEARL
8                                         JACKSON and ANNETTE GOLDEN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                         2
28           Opposition to Motion to Strike Affirmative Defenses

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................... iii

I.  INTRODUCTION. ................................................................ 3

II.  THE COURT SHOULD DENY PLAINTIFF'S MOTION TO STRIKE
BECAUSE  PLAINTIFF HAS FAILED TO DEMONSTRATE THAT
DEFENDANTS' AFFIRMATIVE DEFENSES ARE LEGALLY
INSUFFICIENT. ................................................................. 4

    A.   The Court Should Not Extend The Twombly Heightened Pleading
Standard to Affirmative Defenses. ..................................... 6

    B.   Plaintiff's Motion To Strike Defendants' First Affirmative Defense
(Failure To State A Claim) Should Be Denied Because Plaintiff Has Failed To
Demonstrate That The Defense Is Legally Insufficient. ..................... 8

    C.   Plaintiff's Motion To Strike Defendants' Second Affirmative Defense
(Statute of Limitations) Should Be Denied Because Plaintiff Has Failed To
Demonstrate That The Defense Is Legally Insufficient. ..................... 9

    D.   Plaintiff's Motion To Strike Defendants' Third Affirmative Defense
(Statute of Frauds) Should Be Denied Because Plaintiff Has Failed To
Demonstrate That The Defense Is Legally Insufficient. ..................... 10

    E.   Plaintiff's Motion To Strike Defendants' Fourth Affirmative Defense
(Unlawful Conduct) Should Be Denied Because Plaintiff Has Failed To
Demonstrate That The Defense Is Legally Insufficient. ..................... 11

    F.   Plaintiff's Motion To Strike Defendants' Fifth Affirmative Defense
(Contributory Negligence) Should Be Denied Because Plaintiff Has Failed To
Demonstrate That The Defense Is Legally Insufficient. ..................... 11

    G.   Plaintiff's Motion To Strike Defendants' Sixth Through Ninth
Affirmative Defenses (Unclean Hands, Waiver, Estoppel, Unjust Enrichment)

i

Should Be Denied Because Plaintiff Has Failed To Demonstrate That The Defenses Are Legally Insufficient.................................................................... 12

H.   Plaintiff's Motion To Strike Defendants' Tenth Affirmative Defense (Plaintiff Is Not An Aggrieved Person Pursuant To Title 47 U.S.C. §§ 605 and 553) Should Be Denied Because Plaintiff Has Failed To Demonstrate That The Defense Is Legally Insufficient. ......................................................... 12

I.   Plaintiff's Motion To Strike Defendants' Eleventh Affirmative Defense (Defendants' Alleged Unlawful Acts Were Authorized) Should Be Denied Because Plaintiff Has Failed To Demonstrate That The Defense Is Legally Insufficient. ...................................................................................... 13

J.   Plaintiff's Motion To Strike Defendants' Twelfth Affirmative Defense (Attorneys' Fees Not Recoverable) Should Be Denied Because Plaintiff Has Failed To Demonstrate That The Defense Is Legally Insufficient.................... 14

K.   Plaintiff's Motion To Strike Defendants' Right To Supplement Should Be Denied Because Plaintiff Has Failed To Demonstrate That The Reservation Is Improper................................................................................................... 14

III.  ABSENT REAL PREJUDICE TO PLAINTTIFF, THE COURT  SHOULD DENY THE MOTION TO STRIKE. ...................................................... 16

IV.  CONCLUSION. ............................................................................. 19

Opposition to Motion to Strike Affirmative Defenses

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**CASES**

*Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010) .............................................................. 5

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993) ............................ 5

*Garber v. Mohammadi*, 2011 U.S. Dist. LEXIS 57190, 2011 WL 2076341 *4 (C.D. Cal. 2011) ................................................................ 7

*Garcia ex ref. Marin v. Clovis Unified School Dist.*, 2009 U.S. Dist. LEXIS 83352, 2009 WL 2982900 *23 (E.D. Cal. 2009) ...................................... 5

*Gilman v. Dalby*, 176. Cal. App. 4th 606 (2009) ……………..……...…………….14

*J & J Sports Productions, Inc. Mendoza-Gowan*, 2011 WL 1544886 (E.D. Cal. 2011)………………………………………………………………………..14

*J & J Sports Productions, Inc. v. Orellana*, 2010 WL 1576447 *1 (N.D. Cal. 2010) .............................................................. 12

*J & J Sports Prods., Inc. v. Scace*, 2011 U.S. Dist. LEXIS 60270, 2011 WL 2132723 *1 (S.D. Cal. 2011)................................................ 7

*Jadwin v. County of Kern*, 2007 WL 4463282 * 1 (E.D. Cal. Dec. 2007) .............. 18

*Joe Hand Promotions, Inc. v. Estradda*, 2011 U.S. Dist. LEXIS 61010, 2011 WL 2413257 *5 (E.D. Cal. 2011) ......................................... 6

*Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045 (5th Cir. 1982) .......................................................... 5

*Kingston Pay-Pay-View, Ltd. V. Rocca*, 181 F. Supp, 2d, 29 (D. NH, 2002)…..……13

*Lou v. MA Labs., Inc.*, 2013 U.S. Dist. LEXIS 149770 *9 (N.D. Cal. 2013) …..9, 10, 11, 12, 13, 14

*Meas v. CVS Pharmacy*, 2011 U.S. Dist. LEXIS 76276, 2011 WL 2837432 *3 (S.D. Cal. 2011) ......................................................... 6

Opposition to Motion to Strike Affirmative Defenses

*Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) .................. 5

*Pickern v. Chico Steakhouse, LP*, 2013 U.S. Dist. LEXIS 112204, 2013 WL
    4051640 *2 (E.D. Cal. 2013)…………………………6, 7, 8, 9, 10, 11, 12, 14

*Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004) .............. 12

*Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208 (9th Cir. 1957) ............... 6

*Security People, Inc. v. Classic Woodworking, LLC*, 2005 U.S. Dist. LEXIS 44641
    *5 (N.D. Cal. Mar. 4, 2005) ............................................................................ 5

*See Kohler v. Island Restaurants*, 280 F.R.D. 560 (S.D. Cal. 2012)..................... 6, 7

*Sidney-Vinstein v. A.H Robins Co.*, 697 F.2d 880 (9th Cir. 1983) ........................... 5

*Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011 (9th Cir.2010) ........................... 6, 7

*Triquint Semiconductor, Inc. v. Avago Tech. Ltd.*, 2010 WL 3034880 *3 (D. Ariz.
    2010)) ..................................................................................................... 3, 16, 17

*Uriarte v. Schwarzenegger*, 2012 U.S. Dist. LEXIS 62931, 2012 WL 1622237 *3
    (S.D. Cal. 2012)............................................................................................... 6

*Weddle v. Bayer AG Corp.*, 2012 U.S. Dist. LEXIS 40978, 2012 WL 1019824 *2
    (S.D. Cal. 2012)............................................................................................... 6

*Wyshak v. City Nat'l Bank*, 607 F.2d 824 (9th Cir. 1979).................................. 5, 6, 7

**OTHER AUTHORITIES**

*5C Charles Alan Wright & Arthur Miller, Federal Practice and Procedure* § 1380
    (3d ed. 2010)......................................................................................... 3, 16, 17

Fed. R. Civ. P. 12(f)........................................................................................... 5

Fed. R. Civ. P. 8(c). ........................................................................ 4, 7, 8, 9, 10

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

In its Motion to Strike, Plaintiff argues that all twelve of Defendants' affirmative defenses should be stricken on the grounds that they "are legally insufficient under the Federal Rules of Civil Procedure and applicable precedent." However, as this Court has previously ruled in this Case, "[s]uch motions will usually be denied unless the moving party demonstrates that 'the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.'"  (Minutes (in Chambers): Order Denying Plaintiff's Motion to Strike Defendant's Affirmative Defenses, filed on September 29, 2011 ("2011 Order Denying Motion to Strike") [Docket No. 11], *citing 5C Charles Alan Wright & Arthur Miller, Federal Practice and Procedure* § 1380 (3d ed. 2010)*; citing also Triquint Semiconductor, Inc. v. Avago Tech. Ltd.*, 2010 WL 3034880 *3 (D. Ariz. 2010)).  As set forth herein, Plaintiff has failed to demonstrate that Defendants' affirmative defenses are so unrelated to Plaintiff's claims as to be unworthy of any consideration as a defense or that their presence in the pleading throughout the proceedings will be prejudicial to Plaintiff.

In addition, since pleadings are liberally construed, Defendants must assert applicable affirmative defenses so as not to waive them.  Striking Defendants' affirmative defenses at this stage of the litigation would be extremely prejudicial to Defendants.  Although the Case was originally filed on April 28, 2011, Defendant Golden was not made a party thereto until Plaintiff filed and served on or about January 9, 2014 its First Amended Complaint [Docket Nos. 24 and 26 (Proof of Service)], which has effectively restarted the Case as to both Defendants.  Both Defendants filed their Joint Answer to the First Amended Complaint on February

3

13, 2014 as part of their Response to the Court's Order to Show Cause filed on the same day [Docket Nos. 27 and 28].  Moreover, on March 7, 2014, the Court referred the Case to Magistrate Judge Abrams for all necessary discovery proceedings and settlement conferences, and, on March 11, 2014, issued a Case Management Order and Order/Referral to ADR in which it ordered, *inter alia*, the parties to provide their Initial Disclosures by no later than April 10, 2014, complete all discovery and file and serve all discovery motions on or before October 7, 2014, and participate in mediation, to be concluded by no later than December 8, 2014 [Docket No. 36].  As such, Plaintiff's filing of the First Amended Complaint has effectively restarted the Case and Defendants would be extremely prejudiced at this stage of the litigation – before Initial Disclosures have been provided and discovery completed – by striking their affirmative defenses.  As such, Defendants respectfully request the Court to deny Plaintiff's Motion to Strike Defendants' affirmative defenses in its entirety.  In the alternative, should the Court grant Plaintiff's motion, Defendants respectfully request that they be given leave to amend.

## II.     THE COURT SHOULD DENY PLAINTIFF'S MOTION TO STRIKE BECAUSE  PLAINTIFF HAS FAILED TO DEMONSTRATE THAT DEFENDANTS' AFFIRMATIVE DEFENSES ARE LEGALLY INSUFFICIENT.

Rule 8(c) of the Federal Rules of Civil Procedure instructs responding parties to "state any avoidance or affirmative defense, including: accord and satisfaction; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver."  Fed. R. Civ. P. 8(c).

The Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading, either on the Court's own motion or by motion of a party.  Fed. R. Civ. P. 12(f).  A defense may be "insufficient" as a matter of pleading or as a matter of law.  *See Security People, Inc. v. Classic Woodworking, LLC*, 2005 U.S. Dist. LEXIS 44641 *5 (N.D. Cal. Mar. 4, 2005) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)).  A defense is insufficiently pled if it fails to give "fair notice" of the defense, and is insufficient as a matter of law when there are no questions of fact or law, and the defense would not succeed under any circumstances.  *Wyshak*, 607 F.2d at 827; *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) (citations omitted).  Further, a defense may be stricken as immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994); see also Fed. R. Civ. P. 12(f).

The purpose of a motion to strike under Rule 12(f) "is to avoid the expenditure of time and money that must arise from litigating spurious issues." *Sidney-Vinstein v. A.H Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  However, motions to strike affirmative defenses "are disfavored and infrequently granted." *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005).  "Such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (citation omitted).  The Court "must view the pleading under attack in the light more favorable to the pleader." *Garcia ex ref. Marin v. Clovis*

1  *Unified School Dist.*, 2009 U.S. Dist. LEXIS 83352, 2009 WL 2982900 *23 (E.D.

2  Cal. 2009) (internal citation omitted).  Even if a court strikes an affirmative defense,

3  leave to amend should be freely given where the opposing party will not be

4  prejudiced given the strong policy favoring resolution of cases "on the proofs rather

5  than the pleadings." *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208, 213

6  (9th Cir. 1957); *Wyshak*, 607 F.2d at 827.

7      A.    The Court Should Not Extend The Twombly Heightened Pleading

8            Standard to Affirmative Defenses.

9      Plaintiff argues that courts have held defendants to a heightened pleading

10  standard for affirmative defenses.  However, as Plaintiff concedes, the Ninth Circuit

11  has not ruled on this issue, and there is fairly even disagreement between, and

12  within, district courts.  (Motion to Strike, pg. 5, lines 9-10.)  The "Ninth Circuit has

13  continued to recognize the 'fair notice standard' set forth in *Wyshak*, 607 F.2d at

14  827, in determining the sufficiency of an affirmative defense."  *Pickern v. Chico*

15  *Steakhouse, LP*, 2013 U.S. Dist. LEXIS 112204, 2013 WL 4051640 *2 (E.D. Cal.

16  2013) (citing *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir.2010)).

17  Moreover, Plaintiff cites to no Central District cases in support of a heightened

18  pleading standard for affirmative defenses.

19      Although the "all-pleadings approach" has been adopted by some courts, a

20  number of recent decisions within California have opted not to adopt this approach.

21  *See Kohler v. Island Restaurants*, 280 F.R.D. 560, 565-66 (S.D. Cal. 2012); *Uriarte*

22  *v. Schwarzenegger*, 2012 U.S. Dist. LEXIS 62931,2012 WL 1622237 *3 (S.D. Cal.

23  2012); *Weddle v. Bayer AG Corp.*, 2012 U.S. Dist. LEXIS 40978,2012 WL 1019824

24  *2 (S.D. Cal. 2012); *Meas v. CVS Pharmacy*, 2011 U.S. Dist. LEXIS 76276, 2011

25  WL 2837432 *3 (S.D. Cal. 2011); *Joe Hand Promotions, Inc. v. Estradda*, 2011

26  U.S. Dist. LEXIS 61010, 2011 WL 2413257 *5 (E.D. Cal. 2011); *J & J Sports*

27

28

1  *Prods., Inc. v. Scace*, 2011 U.S. Dist. LEXIS 60270, 2011 WL 2132723 *1 (S.D.

2  Cal. 2011); *Garber v. Mohammadi*, 2011 U.S. Dist. LEXIS 57190, 2011 WL

3  2076341 *4 (C.D. Cal. 2011).  Furthermore, the Court in *Pickern*, supra, found the

4  reasons for not adopting this approach persuasive.  First, the Ninth Circuit has

5  continued to recognize the "fair notice standard" set forth in *Wyshak*, 607 F.2d at

6  827, in determining the sufficiency of an affirmative defense.  *See Simmons v.*

7  *Navajo Cnty, Ariz*., 609 F.3d 1011, 1023 (9th Cir. 2010).  Second, as the court

8  recognized in *Kohler*, 280 F.R.D. at 566, the Supreme Court's analysis in *Twombly*,

9  550 U.S. at 555, and Iqbal, 556 U.S. at 679, was limited to pleadings under Federal

10  Rule of Civil Procedure 8(a)(2).   Rule 8(a)(2) requires that the party stating a claim

11  for relief provide "a short and plain statement of the claim showing that the pleader

12  is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In contrast, Rule 8(c), which governs

13  affirmative defenses, requires only that the responding party "affirmatively state" its

14  affirmative defenses.  Fed. R. Civ. P. 8(c).  In making this distinction, the *Kohler*

15  court stated that "[f]actual plausibility-which is the key difference between

16  *Twombly/Iqbal* pleading and 'fair notice' pleading-is particularly suited to claim

17  pleading because Rule 8(a)(2) requires that the party "show[]' that it is entitled to

18  relief."  *Kohler*, 280 F.R.D. at 566 (*quoting Iqbal*, 556 U.S. at 679).  Thus,

19  "[a]pplying the same standard of pleading to claims and affirmative defenses,

20  despite this clear distinction in the rules' language, would run counter to the

21  Supreme Court's warning in *Twombly* that legislative action, not 'judicial

22  interpretation,' is necessary to 'broaden the scope' of specific federal pleading

23  standards."  *Id.* (*citing* 550 U.S. at 569 n. 14).

24       Here, Defendants affirmative defenses give fair and sufficient notice.  Under

25  the *Pickern* standard, since affirmative defenses are governed by a separate rule, the

26  restrictions set forth in Rule 8(b) are not applicable.  As such, Defendants'

27

28

affirmative defenses as pled in their Joint Answer to the First Amended Complaint comport with the Federal Rules of Civil Procedure, Rule 8(c) and are legally sufficient.  As such, Defendants have properly pled their affirmative defenses and Plaintiff's motion should be denied in its entirety.

In addition, when Defendants filed their Joint Answer to the First Amended Complaint, their investigation and discovery into Plaintiff's claims and their respective defenses had only begun with respect thereto.  Even now, with regards to the First Amended Complaint, the Case is still in the initial stages.  Initial Disclosures have not been provided pursuant to the Case Management Order and Order/Referral to ADR and discovery is ongoing.  Because a party who fails to plead an affirmative defense may, under certain circumstances, waive its right to assert the affirmative defense at trial, Defendants pled their affirmative defenses, so that they would not be waived to the extent that discovery and investigation revealed additional relevant facts to support the defense.  Accordingly, because discovery and investigation are still continuing, the Court should deny Plaintiff's Motion to Strike in its entirety.  Alternatively, Defendants requests that should the Court grant Plaintiff's motion, Defendants be given leave to amend.

B.     Plaintiff's Motion To Strike Defendants' First Affirmative Defense (Failure To State A Claim) Should Be Denied Because Plaintiff Has Failed To Demonstrate That The Defense Is Legally Insufficient.

This affirmative defense was pled to provide notice to Plaintiff that Defendants believe that even if the facts stated in the First Amended Complaint are true, the allegations would not be sufficient to state a cause of action that is cognizable by law.  Under the *Pickern* standard, this affirmative defense is properly pled and Plaintiff's Motion to Strike with respect thereto should be denied.  Plaintiff also argues the merits of this affirmative defense, which is improper in a motion to

8

strike affirmative defenses. *See Lou v. MA Labs., Inc.,* 2013 U.S. Dist. LEXIS 149770 *9 (N.D. Cal. 2013) (denying motion to strike affirmative defense where plaintiffs argument went to the merits of the defense, not sufficiency of the pleading).

C.   Plaintiff's Motion To Strike Defendants' Second Affirmative Defense (Statute of Limitations) Should Be Denied Because Plaintiff Has Failed To Demonstrate That The Defense Is Legally Insufficient.

Plaintiff argues that Defendants' second affirmative defense regarding the statute of limitations should be stricken as procedurally deficient and because if fails as a matter of law.  As evidenced by Plaintiff's own arguments in its Motion to Strike, it clearly had sufficient notice of the defense as it recites its understanding of the statute of limitations that apply thereto.  (Motion to Strike, page 8, line 25-page 9, line 3).  Plaintiff argues that because its original Complaint was filed on April 28, 2011 there are "no set of circumstances" under which this defense can succeed. However, not all of the Defendants were named in the original Complaint, which means there may be circumstances under which the defense can succeed. Accordingly, the defense does not fail as a matter of law and Defendants have provided sufficient notice thereof under the *Pickern* standard.  Thus, Defendants' affirmative defense comports with the Federal Rules of Civil Procedure, Rule 8(c) and is legally sufficient.  Plaintiff also argues the merits of this affirmative defense, which is improper in a motion to strike affirmative defenses.  *See Lou v. MA Labs., Inc.*, supra, at 9 (denying motion to strike affirmative defense where plaintiffs argument went to the merits of the defense, not sufficiency of the pleading).  As such, Defendants properly alleged their affirmative defense of statute of limitations, and Plaintiff's Motion to Strike with respect thereto should be denied.

D.    <u>Plaintiff's Motion To Strike Defendants' Third Affirmative Defense</u>
      <u>(Statute of Frauds) Should Be Denied Because Plaintiff Has Failed To</u>
      <u>Demonstrate That The Defense Is Legally Insufficient.</u>

Plaintiff argues that Defendant' third affirmative defense regarding the statute of frauds should be stricken as because "[t]here are no contract claims herein" and the defense is "immaterial and impertinent."  (Motion to Strike, page 9, lines 17-18).  However, as evidenced by Plaintiff's own arguments in its Motion to Strike, Plaintiff is relying on a "contract granting Plaintiff its distribution rights" and "sub-licensing agreements with commercial establishments to permit the public exhibition of the Program."  (Motion to Strike, page 3, lines 10-13).  To the extent the contract or any sub-licensing agreements, or any portion thereof, on which Plaintiff is relying for its claims, are not in writing, the statute of frauds defense may apply.   Again, as evidenced by Plaintiff's own arguments in its Motion to Strike, it has sufficient notice of the defense as it recites its understanding that "[t]he statute of frauds governs when a contract between parties must be in writing."  (Motion to Strike, page 9, lines 14-15).  Accordingly, the defense does not fail as a matter of law and Defendants have provided sufficient notice thereof under the *Pickern* standard.  Thus, Defendants' affirmative defense comports with the Federal Rules of Civil Procedure, Rule 8(c) and is legally sufficient.  Plaintiff also argues the merits of this affirmative defense, which is improper in a motion to strike affirmative defenses.  *See Lou v. MA Labs., Inc.*, supra, at 9 (denying motion to strike affirmative defense where plaintiffs argument went to the merits of the defense, not sufficiency of the pleading).  As such, Defendants properly alleged their affirmative defense of statute of frauds, and Plaintiff's Motion to Strike with respect thereto should be denied.

E.   <u>Plaintiff's Motion To Strike Defendants' Fourth Affirmative Defense</u>
<u>(Unlawful Conduct) Should Be Denied Because Plaintiff Has Failed To</u>
<u>Demonstrate That The Defense Is Legally Insufficient.</u>

Plaintiff's argument that "[t]his defense is so vague that it does not provide fair notice" is not supported by the Federal Rules of Civil Procedure or applicable precedent.  (Motion to Strike, page 10, lines 3-4).  However, under the Pickern standard, this affirmative defense is properly pled and Plaintiff's Motion to Strike with respect thereto should be denied.  Plaintiff also argues the merits of this affirmative defense, which is improper in a motion to strike affirmative defenses. See Lou v. MA Labs., Inc., supra, at 9 (denying motion to strike affirmative defense where plaintiffs argument went to the merits of the defense, not sufficiency of the pleading).

F.   <u>Plaintiff's Motion To Strike Defendants' Fifth Affirmative Defense</u>
<u>(Contributory Negligence) Should Be Denied Because Plaintiff Has</u>
<u>Failed To Demonstrate That The Defense Is Legally Insufficient.</u>

Plaintiff argues that Defendant' fifth affirmative defense regarding contributory negligence should be stricken because it is "immaterial and impertinent," "not a 'affirmative defense'" and "failed to provide fair notice". . (Motion to Strike, page 10, lines 19-20 and 26, and page 11, line 6).  However, under the *Pickern* standard, this affirmative defense is properly pled and Plaintiff's Motion to Strike with respect thereto should be denied.  Plaintiff also argues the merits of this affirmative defense, which is improper in a motion to strike affirmative defenses. *See Lou v. MA Labs., Inc.*, supra, at 9 (denying motion to strike affirmative defense where plaintiffs argument went to the merits of the defense, not sufficiency of the pleading).

Opposition to Motion to Strike Affirmative Defenses

G.   <u>Plaintiff's Motion To Strike Defendants' Sixth Through Ninth</u>
<u>Affirmative Defenses (Unclean Hands, Waiver, Estoppel, Unjust</u>
<u>Enrichment) Should Be Denied Because Plaintiff Has Failed To</u>
<u>Demonstrate That The Defenses Are Legally Insufficient.</u>

Plaintiff argues that Defendants' "equitable defenses", the sixth (unclean hands), seventh (waiver), eight (estoppel), and ninth (unjust enrichment), should be stricken because they "are nothing but bare-bones references to legal doctrines and, as such, do not provide fair notice".  (Motion to Strike, page 11, lines 10-14).  While some courts have found affirmative defenses stating an equitable legal doctrine to be insufficient under Federal Rule of Civil Procedure 8(b) (see *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004), under the controlling *Pickern* standard, these affirmative defenses are properly pled and Plaintiff's Motion to Strike with respect thereto should be denied.  *See also, J & J Sports Productions, Inc. v. Orellana*, 2010 WL 1576447 *1 (N.D. Cal. 2010)  (Defendants adequately stated their defenses, which included boilerplate defenses that were pleaded in abundance of caution).  Plaintiff also argues the merits of these affirmative defenses, which is improper in a motion to strike affirmative defenses.  *See Lou v. MA Labs., Inc.*, supra, at 9 (denying motion to strike affirmative defense where plaintiffs argument went to the merits of the defense, not sufficiency of the pleading).

H.   <u>Plaintiff's Motion To Strike Defendants' Tenth Affirmative Defense</u>
<u>(Plaintiff Is Not An Aggrieved Person Pursuant To Title 47 U.S.C. §§</u>
<u>605 and 553) Should Be Denied Because Plaintiff Has Failed To</u>
<u>Demonstrate That The Defense Is Legally Insufficient.</u>

Plaintiff argues that Defendants' tenth affirmative defense "is legally insufficient."  (Motion to Strike, page 13, line 5).  However, under the *Pickern* standard, this affirmative defense is properly pled and Plaintiff's Motion to Strike

Opposition to Motion to Strike Affirmative Defenses

1   with respect thereto should be denied.  Plaintiff also argues the merits of this
2   affirmative defense, which is improper in a motion to strike affirmative defenses.
3   *See Lou v. MA Labs., Inc.*, supra, at 9 (denying motion to strike affirmative defense
4   where plaintiffs argument went to the merits of the defense, not sufficiency of the
5   pleading).  Despite Plaintiff's improper arguments to the contrary, the Court in
6   *Kingston Pay-Pay-View, Ltd. V. Rocca*, 181 F. Supp, 2d, 29, 34 (D. NH, 2002), held
7   that the licensee of exclusive commercial broadcast distribution rights for a boxing
8   match was not an "person aggrieved" within the meaning of section 553 of the
9   Communications Act.  As such, Plaintiff has failed to demonstrate that the defense
10  is legally insufficient.

11       I.    <u>Plaintiff's Motion To Strike Defendants' Eleventh Affirmative Defense</u>
12              <u>(Defendants' Alleged Unlawful Acts Were Authorized) Should Be</u>
13              <u>Denied Because Plaintiff Has Failed To Demonstrate That The Defense</u>
14              <u>Is Legally Insufficient.</u>

15       Plaintiff does not provide a reason for striking Defendants' eleventh
16  affirmative defense regarding authorization, but rather argues the merits of this
17  affirmative defense.  This is improper in a motion to strike affirmative defenses.  *See*
18  *Lou v. MA Labs., Inc.*, supra, at 9 (denying motion to strike affirmative defense
19  where plaintiffs argument went to the merits of the defense, not sufficiency of the
20  pleading).  Plaintiff improperly argues that "[w]hether Defendants had a 'reasonable
21  belief' that they were authorized is irrelevant" because the statutory claims under
22  "47 U.S.C. §§ 605 and 553 are strict liability offenses."  (Motion to Strike, page 14,
23  lines 8-9).  However, Defendants are not just alleging a "reasonable belief," but
24  actual authorization, which would be a complete defense to the 47 U.S.C. §§ 605
25  and 553 claims, as well as the conversion and California Business and Professions
26  Code Section 17200, *et seq*. claims.  Plaintiff's analogy to defenses of "good faith,

27
28
                                    13
─────────────────────────────────────────
           Opposition to Motion to Strike Affirmative Defenses

1   lack of knowledge, motive, or intent" and reliance on *Gilman v. Dalby*, 176. Cal.

2   App. 4th 606, 615 n.1 (2009) and *J & J Sports Productions, Inc. Mendoza-Gowan*,

3   2011 WL 1544886 (E.D. Cal. 2011) are misplaced as Defendants' claim of

4   authorization would be a complete defense to Plaintiff's claims. As such, Plaintiff

5   has failed to demonstrate that the defense is legally insufficient. Moreover, under

6   the *Pickern* standard, this affirmative defense is properly pled and Plaintiff's Motion

7   to Strike with respect thereto should be denied.

8       J.   <u>Plaintiff's Motion To Strike Defendants' Twelfth Affirmative Defense</u>

9           <u>(Attorneys' Fees Not Recoverable) Should Be Denied Because Plaintiff</u>

10          <u>Has Failed To Demonstrate That The Defense Is Legally Insufficient.</u>

11      Plaintiff argues that Defendants' twelfth affirmative defense regarding

12  attorneys' fees not being recoverable should be stricken because it "fails to provide

13  fair notice as Defendants do not indicate what provisions of California or federal

14  law prohibit recovery of attorneys' fees." (Motion to Strike, page 15, lines 8-10).

15  However, as evidenced by Plaintiff's own arguments in its Motion to Strike, it

16  clearly has sufficient notice of the defense as it recites its understanding of the

17  federal statutes that apply thereto. (Motion to Strike, page 15, lines 11-14). As

18  such, under the *Pickern* standard, this affirmative defense is properly pled and

19  Plaintiff's Motion to Strike with respect thereto should be denied. Plaintiff also

20  argues the merits of this affirmative defense, which is improper in a motion to strike

21  affirmative defenses. *See Lou v. MA Labs., Inc.*, supra, at 9 (denying motion to

22  strike affirmative defense where plaintiffs argument went to the merits of the

23  defense, not sufficiency of the pleading).

24      K.   <u>Plaintiff's Motion To Strike Defendants' Right To Supplement Should</u>

25          <u>Be Denied Because Plaintiff Has Failed To Demonstrate That The</u>

26          <u>Reservation Is Improper.</u>

27

28

Since pleadings are liberally construed, Defendants must assert applicable affirmative defenses so as not to waive them.  Striking Defendants' reservation of additional or other affirmative defenses at this stage of the litigation would be extremely prejudicial to Defendants.  Although the Case was originally filed on April 28, 2011, Defendant Golden was not made a party thereto until Plaintiff filed and served on or about January 9, 2014 its First Amended Complaint [Docket Nos. 24 and 26 (Proof of Service)], which has effectively restarted the Case as to both Defendants.  Both Defendants filed their Joint Answer to the First Amended Complaint on February 13, 2014 [Docket Nos. 27 and 28].  Moreover, on March 7, 2014, the Court referred the Case to Magistrate Judge Abrams for all necessary discovery proceedings and settlement conferences, and, on March 11, 2014, issued a Case Management Order and Order/Referral to ADR in which it ordered, *inter alia*, the parties to provide their Initial Disclosures by no later than April 10, 2014, complete all discovery and file and serve all discovery motions on or before October 7, 2014, and participate in mediation, to be concluded by no later than December 8, 2014 [Docket No. 36].  As such, when Defendants filed their Joint Answer to the First Amended Complaint, their investigation and discovery into Plaintiff's claims and their respective defenses had only begun with respect thereto.  Even now, with regards to the First Amended Complaint, the Case is still in the initial stages.  Initial Disclosures have not been provided pursuant to the Case Management Order and Order/Referral to ADR and discovery is ongoing.  Because a party who fails to plead an affirmative defense may, under certain circumstances, waive its right to assert the affirmative defense at trial, Defendants pled their affirmative defenses, so that they would not be waived to the extent that discovery and investigation revealed additional relevant facts to support the defense.  Accordingly, because discovery and investigation are still continuing, the Court should deny Plaintiff's Motion to Strike

Opposition to Motion to Strike Affirmative Defenses

1  Defendants' right to supplement.  Alternatively, Defendants request that should the

2  Court grant Plaintiff's motion, Defendants be given leave to amend.

3  **III.    ABSENT REAL PREJUDICE TO PLAINTTIFF, THE COURT**

4  **SHOULD DENY THE MOTION TO STRIKE.**

5      The Court has previously denied Plaintiff's Motion to Strike and refused to

6  entertain this type of litigation absent real "prejudice" to Plaintiff and "until such

7  time as there has been a failure of resolution."  (2011 Order Denying Motion to

8  Strike).  Given that Plaintiff's First Amended Complaint has effectively restarted the

9  Case, the Court's reasoning for previously denying Plaintiff's Motion to Strike is as

10 valid today as it was then.  "'Because striking a portion of a pleading is a drastic

11 remedy,' motions to strike are rarely granted by courts."  (2011 Order Denying

12 Motion to Strike, *citing 5C Charles Alan Wright & Arthur Miller, Federal Practice*

13 *and Procedure* § 1380, supra).  "Such motions will usually be denied unless the

14 moving party demonstrates that 'the allegations being challenged are so unrelated to

15 the plaintiff's claims as to be unworthy of any consideration as a defense and that

16 their presence in the pleading throughout the proceeding will be prejudicial to the

17 moving party.'"  (*Id.; citing also Triquint Semiconductor*, supra, at 3)"Practically

18 speaking, the focus of these cases is settlement.  It is not skirmishing with defendant

19 in the initial stages of the case".  (2011 Order Denying Motion to Strike).

20      Despite Plaintiff's claims to the contrary, the parties are still in the initial

21 stages of the Case as a result of Plaintiff's own actions in filing the First Amended

22 Complaint.  As stated above, per the Court's Case Management Order and

23 Order/Referral to ADR, the parties have not even exchanged Initial Disclosures or

24 begun discovery in accordance therewith.  Plaintiff should not be permitted to argue

25 as it does in it Motion to Strike that "[t]he parties are longer in the initial stages of

26 the case" or that "the parties have been unable to come to a resolution" when it is by

27

28

1   its own action that the Case is being re-litigated pursuant to its First Amended

2   Complaint.  (Motion to Strike, page 4, lines. 2-5).  Defendants should be permitted

3   to preserve their arguments including their affirmative defenses given that discovery

4   is just beginning with regards to the First Amended Complaint and no settlement

5   discussions have taken place with all parties participating therein.  As such, it is both

6   inaccurate and premature to deny the Case is still in the initial stages with regards to

7   the First Amended Complaint and that "the parties have been unable to come to a

8   resolution."

9        Furthermore, despite Plaintiff's claims to the contrary, as stated in its 2011

10   Order Denying Motion to Strike, this Court has refused to entertain such motions

11   absent real "prejudice" to Plaintiff.  In fact, given the drastic nature of the remedy,

12   the Court will not grant a motion to strike unless the moving party can demonstrate

13   both that "the allegations being challenged are so unrelated to the plaintiff's claims

14   as to be unworthy of any consideration as a defense and that their presence in the

15   pleading throughout the proceeding will be prejudicial to the moving party." *5C*

16   *Charles Alan Wright & Arthur Miller, Federal Practice and Procedure* § 1380,

17   supra; see also *supra Triquint Semiconductor*, supra, at 3 (emphasis added).

18        Plaintiff quite unbelievably argues that it would be prejudiced by having to

19   defend against Defendants' affirmative defenses and that this would take "time and

20   effort, and far more time and effort than would be involved in simply striking the

21   defense at the outset."  (Motion to Strike, page 17, lines 18-21).  While Plaintiff may

22   be accustom to filing complaints that go unchallenged by unrepresented and

23   intimated defendants and prevailing thereon through default judgments, that is not

24   the case here and Defendants are entitled, no less required, to plead all applicable

25   affirmative defenses so as not to waive them.  The fact that Plaintiff has to conduct

26   discovery or prepare a defense with respect to them is not prejudice to the Plaintiff,

27

28

but the fundamental purpose of the adversarial process.  At this initial stage of the Case, Defendants do not have to prove whether they will prevail on the affirmative defenses, only that they are legally sufficient.  As set forth herein, Defendants have met this burden and, therefore, the affirmative defenses cannot be prejudicial to Plaintiff, no matter how much additional time and effort it may take for Plaintiff conduct discovery and try the issues related thereto.

Moreover, when the action is in the early pretrial phase and discovery is not yet complete, there is no prejudice to the Plaintiff because the gravamen of any affirmative defenses may be fleshed out through discovery and other pretrial proceedings.  *See Jadwin v. County of Kern*, 2007 WL 4463282 * 1 (E. D. Cal. Dec. 2007) ("Plaintiff's contention that the Fifth Affirmative Defense does not provide him with fair notice in sufficient particularity of the gravamen of the defense is unpersuasive and can be fleshed out through discovery and other pretrial proceedings.")  Here, Plaintiff fails to establish that it will suffer prejudice through the inclusion of any of Defendant's affirmative defenses since having to conduct basic discovery does not rise to the level of prejudice.  Furthermore, given that Plaintiff has filed hundreds of similar cases nationwide, Plaintiff has ample notice of the nature of Defendants' affirmative defenses.  Moreover, through discovery Plaintiff will have a full opportunity to inquire about the details of Defendants' affirmative defenses.  Defendants' affirmative defenses as currently pled do not prejudice Plaintiff in any manner.  Rather, Plaintiff's Motion to Strike is nothing more than a vexatious tactic that ties up the time and resources of Defendants, defense counsel, and this Court.  Accordingly, Plaintiff's Motion to Strike should be denied in its entirety and the Court, as it did previously, should again refuse to entertain such litigation.

Opposition to Motion to Strike Affirmative Defenses

**IV.    CONCLUSION.**

Based upon the foregoing, Defendants respectfully request the Court to deny Plaintiff's Motion to Strike Defendants' affirmative defenses in its entirety.  In the alternative, should the Court grant Plaintiff's motion, Defendants respectfully request that they be given leave to amend.

DATED:  March 24, 2014

By:  / s / *Elizabeth A. Bell*
ELIZABETH A. BELL (SBN 205868)
Attorney for Defendants, PEARL
JACKSON and ANNETTE GOLDEN

19