ELIZABETH A. BELL, Bar No. 205868
ebell@elbelaw.com
8335 Sunset Boulevard, Suite 221
Los Angeles, California 90069
Telephone: (323) 306-4077
Facsimile: (323) 656-1396

Attorney for Defendants
PEARL JACKSON and ANNETTE GOLDEN

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC. | Case No. 2:11-cv-03653-WDK-PLA |
| Plaintiff, | **DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW (L.R. 16-4)** |
| vs. | |
| PEARL JACKSON a/k/a PEARL MARI JACKSON, INDIVIDUALLY and d/b/a THE CIGAR LOUNGE; and ANNETTE GOLDEN, INDIVIDUALLY and d/b/a THE CIGAR LOUNGE, | Hon. William D. Keller<br><br>Final Pre-Trial Conference Deadline: Dec. 12, 2015<br>Jury Trial Date: TBD |
| Defendants. | |

**TO THE HONORABLE WILLIAM D. KELLER, PLAINTIFF, AND ITS ATTORNEY OF RECORD:**

Pursuant to Local Rule 16-4 and the Court's Scheduling Order filed in the above-captioned case (this "Case") on August 12, 2015 [Docket No. 58], defendants PEARL JACKSON ("Jackson") and ANNETTE GOLDEN ("Golden,"

1
Defendants' Memorandum of Contentions of Fact and Law

and together with Jackson, collectively, "Defendants," and individually, "Defendant"), through their undersigned counsel, hereby respectfully submit the following Memorandum of Contentions of Fact and Law (this "Memorandum") addressing the contentions of the parties with regards to the trial (date to be determined) to be scheduled in this Case.[1]

## I. CLAIMS AND DEFENSES.

### A. Summary of Plaintiff's Claims.

Plaintiff alleges four counts for damages in its First Amended Complaint [Docket No. 24] ("FAC").

#### 1. Count I – Violation of Title 47 U.S.C. § 605.

Plaintiff alleges that Defendants, and each of them, violated Title 47 U.S.C. § 605.

##### (a) Elements Required to Establish Claim.

Title 47 U.S.C. § 605 provides that: "No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." Section 605 further provides that: "No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

##### (b) Evidence in Opposition to Claim.

---

[1] This Memorandum, while based on diligent inquiry and investigation by Defendants, necessarily reflects only the current state of Defendant's knowledge, understanding, and belief based upon the information made available to Defendants. Defendants reserve the right to modify, supplement, revise or amend this Memorandum and to correct any inadvertent errors or omissions that may be contained herein.

Individual liability under the Federal Communications Act requires that the individual authorize the underlying violation. *Circuito Cerrado, Inc. v. Pizzeria y Pupuseria Santa Rosita, Inc., et al.*, 804 F.Supp.2d 108, 113 (E.D.N.Y., Mar. 14, 2011) (*citing, see J & J Sports Prods. v. 291 Bar & Lounge*, 648 F.Supp.2d 469, 471 (E.D.N.Y. Aug. 19, 2009); *J & J Sports Prods. v. Welch*, No. 10–CV0159, 2010 WL 4683744, at *2 (E.D.N.Y. Nov. 10, 2010)). Neither Defendant authorized the underlying alleged violation – the "unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition" of the Program in the Cigar Lounge. [FAC, ¶ 14.] Neither Defendant was on-site at the Cigar Lounge prior to or during the exhibition of the Program. Neither Defendant has any management responsibilities for the operations of the Cigar Lounge including, without limitation, what if any programming is exhibited therein. Neither Defendant had any knowledge of the alleged exhibition of the Program in the Cigar Lounge prior to or during the exhibition thereof.

### 2. Count II – Violation of Title 47 U.S.C. § 553.

Plaintiff alleges that Defendants, and each of them, violated Title 47 U.S.C. § 553.

#### (a) Elements Required to Establish Claim.

Title 47 U.S.C. § 553 provides that: "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."

#### (b) Evidence in Opposition to Claim.

Individual liability under the Federal Communications Act requires that the individual authorize the underlying violation. *Circuito Cerrado, Inc. v. Pizzeria y Pupuseria Santa Rosita, Inc., et al.*, 804 F.Supp.2d 108, 113 (E.D.N.Y., Mar. 14,

3

Defendants' Memorandum of Contentions of Fact and Law

2011) (*citing, see J & J Sports Prods. v. 291 Bar & Lounge*, 648 F.Supp.2d 469, 471 (E.D.N.Y. Aug. 19, 2009); *J & J Sports Prods. v. Welch*, No. 10–CV0159, 2010 WL 4683744, at *2 (E.D.N.Y. Nov. 10, 2010)). Neither Defendant authorized the underlying alleged violation – the "unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the Program" in the Cigar Lounge. [FAC, ¶ 20.] Neither Defendant was on-site at the Cigar Lounge prior to or during the exhibition of the Program. Neither Defendant has any management responsibilities for the operations of the Cigar Lounge including, without limitation, what if any programming is exhibited therein. Neither Defendant had any knowledge of the alleged exhibition of the Program in the Cigar Lounge prior to or during the exhibition thereof.

In addition, the courts have interpreted the "cable system" language in this section to encompass illegal interception or reception via coaxial cable or wire. *Kingvision Pay Per View, Ltd. v. Williams*, 1 F.Supp.2d 1481, 1484 (S.D.Ga.1998) (citing, *see United States v. Norris*, 88 F.3d 462, 467–69 (7th Cir.1996); *Joe Hand Promotions v. Rennard Street Enterprise*s, 954 F.Supp. 1046, 1053–54 (E.D.Pa.1997); *TCI Cablevision v. Pier House Inn, Inc.*, 930 F.Supp. 727, 734 (D.R.I.1996); *but see International Cablevision, Inc. v. Sykes*, 75 F.3d 123 (2nd Cir.1996). Plaintiff has failed to allege in the FAC or provide any evidence in this Case that Defendants intercepted or received or assisted in the interception or receipt of the Program over a cable system via coaxial cable or wire.

### 3. Count III – Conversion.

Plaintiff alleges that Defendants, and each of them, wrongfully converted the *Floyd Mayweather v. Shane Mosley Welterweight Championship Fight Program* exhibited on Directv on Saturday, May 1, 2010 (the "Program").

(a) <u>Elements Required to Establish Claim</u>.

4

Under California law, conversion has three elements: (1) ownership or right to possession of property; (2) wrongful disposition of the property right of another; and (3) damages. *J & J Sports Productions v. Coyne*, 2012 WL 761688 (USDC, N.CA, March 7, 2012) (citing, see *G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv. Inc.*, 958 F.2d 896, 906 (9th Cir.1992)).

        (b)    <u>Evidence in Opposition to Claim</u>.

Neither Defendant dispossessed, wrongfully or otherwise, Plaintiff's alleged rights in or to the Program or any other property right thereof. Neither Defendant authorized the underlying alleged violation – the "unauthorized interception, reception, publication, divulgence, display, and/or exhibition of the Program" in the Cigar Lounge. [FAC, ¶ 25.] Neither Defendant was on-site at the Cigar Lounge prior to or during the exhibition of the Program. Neither Defendant has any management responsibilities for the operations of the Cigar Lounge including, without limitation, what if any programming is exhibited therein. Neither Defendant had any knowledge of the alleged exhibition of the Program in the Cigar Lounge prior to or during the exhibition thereof.

    **4.**    **Count IV – Violation of California Business and Professions Code § 17200 et seq.**

Plaintiff alleges that Defendants, and each of them, violated the California Business and Professions Code § 17200 et seq.

        (a)    <u>Elements Required to Establish Claim</u>.

Cal. Bus. & Prof. Code § 17203 provides that: "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction." Cal. Bus. & Prof. Code § 17200 provides that: "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and

any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

(b) <u>Evidence in Opposition to Claim</u>.

Neither Defendant engaged or proposed to engage in unfair competition or the "unauthorized interception, publication, divulgence and/or exhibition" of the Program in the Cigar Lounge. [FAC, ¶ 33.] Neither Defendant was on-site at the Cigar Lounge prior to or during the exhibition of the Program. Neither Defendant has any management responsibilities for the operations of the Cigar Lounge including, without limitation, what if any programming is exhibited therein. Neither Defendant had any knowledge of the alleged exhibition of the Program in the Cigar Lounge prior to or during the exhibition thereof.

**B. Summary of Defendants' Counterclaims And Affirmative Defenses.**

There are no counterclaims in this Case. Defendants pleaded twelve affirmative defenses in their Joint Answer to First Amended Complaint [Docket No. 28-1] ("Joint Answer"), some of which have since been abandoned as set forth herein.

**1. Second Affirmative Defense – Statute of Limitations.**

Defendants allege that Plaintiff's claims are barred by the applicable statutes of limitation. When a federal statute does not have its own statute of limitations, we are directed to borrow a period from the forum state's analogous state law. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 160 n. 13, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *see also Wilson v. Garcia*, 471 U.S. 261, 266, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Sections 605 and 553 do not contain or reference their own statute of limitations. However, there is an analogous state law, the California Piracy Act ("Piracy Act"), Cal.Penal Code §§ 593d-593e, which has a one-year

Defendants' Memorandum of Contentions of Fact and Law

statute of limitations. Also, claims for conversion must be brought within three years of the alleged conversion. C.C.P. § 338. As to Defendant Golden, all of Plaintiff's claims are barred by the applicable statute of limitations.

### 2. Fourth through Sixth and Eighth, Ninth and Eleventh Affirmative Defenses – Unlawful Conduct, Contributory Negligence, Unclean Hands, Estoppel, Unjust Enrichment and Defendant's Alleged Unlawful Acts Were Authorized.

Defendants allege that the Compliant fails due to the wrongful conduct of Plaintiff and under the doctrine of unclean hands, that Plaintiff's damages, if any, are the direct and proximate result of conduct attributable to plaintiff and/or third parties, that Plaintiff is estopped from pursuing its claims by reason of its knowledge, conduct or own wrongful acts and either or both of Defendant's resultant action and/or reliance thereon, that Plaintiff would be unjustly enriched if allowed to recover any sums claimed to be due under the FAC, and that Defendants' alleged unlawful acts having been authorized or alternatively each of Defendants' reasonable belief that the alleged unlawful acts had been authorized and were not otherwise in violation of Title 47 U.S.C. §§ 605 or 553.

### C. Anticipated Evidentiary Issues.

Defendants are not aware of any evidentiary issues in dispute at this time.

### D. Identification of Any Issues of Law.

Other than those set forth herein with regards to the interpretation of Title 47 U.S.C. §§ 605 and 553 and with respect to the other claims and affirmative defenses, Defendants are not aware of any issues of law.

## II. BIFURCATION OF ISSUES.

Defendants do not believe there are issues in this Case where bifurcation is necessarily appropriate.

Defendants' Memorandum of Contentions of Fact and Law

### III. JURY TRIAL.

The Court has yet to schedule the trial in this Case.

### IV. ATTORNEYS' FEES.

If Defendants prevail, they will seek costs and attorneys' fees pursuant to the provisions of Title 47 U.S.C. §§ 605 and 553.

### V. ABANDONMENT OF ISSUES.

Defendants are not aware of any abandonment by Plaintiff of any of the claims set forth in Section I.A. above. Defendants have elected to abandon the following affirmative defenses set forth in the Joint Answer:

1. First Affirmative Defense – Failure to State a Claim;
2. Third Affirmative Defense – Failure to State a Claim;
2. Ninth Seventh Affirmative Defense – Waiver;
4. Tenth Affirmative Defense – Plaintiff is Not a Person Aggrieved Pursuant to Title 47 U.S.C. §§ 605 and 553; and
5. Twelfth Affirmative Defense – Attorneys' Fee Not Recoverable.

DATED: November 12, 2015        Respectfully submitted,

By: /s/ Elizabeth A. Bell
ELIZABETH A. BELL
Attorney for Defendants PEARL
JACKSON and ANNETTE GOLDEN

8

Defendants' Memorandum of Contentions of Fact and Law